**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CARLOS MOZO RIVERA,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:13-cv-00195** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **POLICE OFFICER SCOTT** | : | |
| **MUSSELMAN,** | : | |
| **Defendant** | : | |

**MEMORANDUM**

Before the Court is Plaintiff Carlos Mozo Rivera's motion in limine to exclude any

evidence that Plaintiff was engaging in a sexual act prior to Plaintiff's arrest by Defendant Scott

Musselman.  (Doc. No. 38.)  For the reasons that follow, the Court will deny the motion.

I.      **BACKGROUND**

On January 25, 2013, Plaintiff Carlos Mozo Rivera filed a complaint against the Borough

of West York, as well as West York Police Officers Scott Musselman, Snyder, and John Does 1

and 2, alleging that Defendant Musselman used excessive force while arresting him for public

drunkenness and disorderly conduct in a parking lot on January 29, 2011.  (Doc. Nos. 1, 10-3,

10-4.)  Plaintiff brought claims under 42 U.S.C. § 1983, in addition to state law claims of assault,

battery, and intentional infliction of emotional distress.  (Id.)  Trial is currently scheduled for

August 20, 2014.  Defendant Musselman is the only defendant remaining in this litigation.  (See

Doc. Nos. 22, 33.)

Part of the record in this case concerns Defendant's assertion that he witnessed Plaintiff

engaging in a sexual act with witness Lynda Thomas prior to his arrest for public drunkenness.

Specifically, in a "supplemental narrative" report Defendant completed pursuant to Plaintiff's

1

arrest, Defendant wrote that in addition to observing Plaintiff drinking from a bottle of

Jagermeister in the parking lot of the Overbrook Bar, he "also observed that the passenger door

to the vehicle [Plaintiff] was standing next to was opened, and there was a white female on her

knees in front of the male, facing him.  The male also quickly pulled up his zipper upon

[Defendant's] approach."  (Doc. No. 38 at 1-2.)  (See also Doc. No. 38-2 at 2.)  On July 7, 2014

Plaintiff filed a motion in limine seeking to exclude any evidence that he was engaging in a

sexual act prior to his arrest.  (Doc. No. 38.)

## II.      DISCUSSION

Plaintiff moves to exclude this evidence concerning an alleged sexual act as irrelevant,

prejudicial to Plaintiff, and as inadmissible character evidence.  (Doc. No. 38 at 2.)  Plaintiff

further argues that the evidence also could be excluded under Federal Rule of Evidence 404(b)

as a "prior bad act."  Specifically, Plaintiff contends that any evidence that he was engaged in a

sexual act with Ms. Thomas before his arrest is irrelevant, because Defendant noted in his report

that he approached Plaintiff not because he believed he was engaged in a sex act, but because

Plaintiff was drinking Jagermeister liquor from a bottle in the Overbrook Bar parking lot.  (Id. at

2-3.)  Plaintiff thus asserts that because he "concedes that [Defendant] had probable cause to

arrest the Plaintiff, the only issue for the jury to consider is whether [Defendant] used excessive

force in making the arrest," and therefore, "[e]vidence which would imply that Plaintiff and his

witness were engaging in a sex act is totally irrelevant and its only possible purpose would be to

impugn the character of the Plaintiff and Ms. Thomas."  (Id.)

Defendant objects to the proposed exclusion, and argues that evidence of Plaintiff's

alleged engagement in sexual activity directly before his arrest is relevant because "[Defendant]

supported his citations against Ms. Lynda Thomas for public drunkenness and [Plaintiff] for

disorderly conduct by their public sexual acts, which were listed on the citations for each."

(Doc. No. 45 at 2.)  Further, Defendant argues that although "some circuit courts have prevented

consideration of pre-force events in excessive force cases," the Third Circuit rejected such an

approach and allows courts to consider pre-force events in order to better contextualize the

plaintiff's eventual arrest.  (Id. at 4.)  See also Rivas v. City of Passaic, 365 F.3d 181, 198 (3d

Cir. 2004) (stating that "[w]hile some courts 'freeze the time frame' and consider only the facts

and circumstances at the precise moment that excessive force is applied, other courts, including

this one, have considered all of the relevant facts and circumstances leading up to the time that

the officers allegedly used excessive force."); Abraham v. Raso, 183 F.3d 279, 291-92 (3d Cir.

1999); Texter v. Merlina, No. 04-0173, 2008 WL 545032, at *2 (M.D. Pa. Feb. 26, 2008).

Additionally, Defendant argues that the alleged sexual activity is relevant because it: (1) goes to

the level of Plaintiff's and Ms. Thomas's intoxication, which in turn affected the amount of force

Defendant needed to exert to restrain Plaintiff, as well as Plaintiff's ability to recall the incident,

and (2) goes to credibility determinations as to Ms. Thomas and Plaintiff because both

"adamantly deny any sexual conduct."  (Doc. No. 45 at 5.)  Lastly, Defendant asserts that he

does not seek to introduce evidence of the alleged sexual activity to prove that Plaintiff acted "in

accordance with" a particular character trait, as prohibited by Rule 404, but instead "to give the

jury an accurate picture of the events that night that caused him to arrest [Plaintiff]," and that the

evidence may show that "[Plaintiff] continued to act in an inebriated fashion during the arrest."

(Id. at 8.)

   Under Federal Rule of Evidence 401, evidence is relevant if it has "any tendency to make

the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence is irrelevant when it has "no tendency to prove the fact." Blancha v. Raymark Indus., 972 F.2d 507, 514 (3d Cir. 1992). Further, the Court can limit the potential for prejudice by giving a limiting instruction to the jury. Otto v. Commerce St. Capital, No. 12-2472, 2013 WL 2357623, *3 (E.D. Pa. May 29, 2013).

The Court can also preclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice" is "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Advisory Committee Notes to Fed. R. Evid. 403.

Federal Rule of Evidence 404(b)provides that [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). However, such acts may be introduced if presented for another purposes, such as intent, plan, knowledge, identity, or absence of mistake or accident. Id.

The Court will deny Plaintiff's motion to preclude any evidence regarding his alleged sexual activity with Ms. Thomas prior to his arrest. It appears that the alleged sexual activity was an important factor in Defendant's management of the situation leading up to Plaintiff's arrest, and case law from the Third Circuit as well as the Middle District of Pennsylvania is clear that the jury may consider pre-force events in excessive force cases for the purposes of providing

the full context of the altercation.  See Rivas, 365 F.3d at 198; Abraham, 183 F.3d at 291-92;

Texter v. Merlina, 2008 WL 545032 at *2.  The Court further finds that Plaintiff has not shown

that any potential prejudice substantially outweighs the probative value of the evidence.

Specifically, the Court agrees with Defendant that in addition to being relevant and probative as

it concerns the context of the arrest, evidence concerning the alleged act also weighs on

Plaintiff's credibility and level of intoxication.  Thus, even to the extent such evidence may be

prejudicial, the Court finds that any such prejudice does not "substantially outweigh" the

probative value of the evidence, and therefore does not require exclusion under Federal Rule of

Civil Procedure 403.

    Moreover, because Defendant has established that the evidence is relevant and probative

and serves an evidentiary purpose beyond improperly proving "character," Federal Rule of Civil

Procedure 404(b) also does not compel exclusion of the evidence.[1]  Along these lines, the Court

further notes that with a limiting instruction, if Plaintiff so requests, the jury would be able to

consider any evidence of alleged sexual activity without unfair prejudice to Plaintiff, and without

considering the alleged sexual act as "character" evidence in violation of Rule 404(b).  See Otto,

2013 WL 2357623, at *3.  Accordingly, the Court finds no basis to exclude the evidence of an

alleged sexual act.

## III.    CONCLUSION

---

[1]  The Third Circuit has developed a four factor standard to determine the admissibility of "prior bad acts."  See United States v. Green, 614 F.3d 233, 249 (3d Cir. 2010).  In order for evidence of other bad acts to be admissible under Rule 404(b), they must: (1) have a proper evidentiary purpose; (2) be relevant; (3) satisfy Fed. R. Evid. 403; and (4) be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it."  Id.

Plaintiff's motion in limine to exclude evidence that Plaintiff was engaging in a sexual act prior to Plaintiff's arrest by Defendant will be denied.  An order consistent with this memorandum follows.